# Order

**Michigan Supreme Court**
**Lansing, Michigan**

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

October 27, 2006

128139

GERARD J. WIATER,
         Plaintiff-Appellee,

v

                                   SC: 128139
                                   COA: 250384

GREAT LAKES RECOVERY CENTERS,
INC.,
         Defendant-Appellant.

Marquette CC: 03-040316-NO

_____/

On March 9, 2006, the Court heard oral argument on the application for leave to appeal the January 27, 2005 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

WEAVER, J., dissents and states as follows:

I dissent from the decision to deny leave to appeal. I would grant leave to appeal and ask the parties to brief whether *Mann v Shusteric Enterprises, Inc*, 470 Mich 320 (2004), was correctly decided.

MARKMAN, J., dissents and states as follows:

I dissent and would grant defendant's application for leave to appeal. This case and *Robertson v Blue Water Oil Co* (Docket No. 130100) squarely raise the issue whether the "avoidability" or "unavoidability" of a hazard, specifically in this case open and obvious snow and ice, is relevant in determining the existence of a "special aspect" that can serve to impose liability upon a premises owner when an invitee slips and falls. In *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 519 (2001), this Court held that "only those special aspects that give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided will serve to remove that condition from the open and obvious danger doctrine." The Court illustrated what constituted a "special aspect" as follows:

An illustration of such a situation might involve, for example, a commercial building with only one exit for the general public where the floor is covered with standing water. While the condition is open and obvious, a customer wishing to exit the store must leave the store through the water. In other words, the open and obvious condition is effectively unavoidable. [*Id*. at 518.]

In the instant case, the trial count found that the evidence demonstrated the existence of an alternative parking lot lacking the same alleged hazard from which plaintiff could have accessed the sidewalk leading to the entrance to defendant's building. I would grant leave to appeal to determine what effect, if any, the existence of the alternative parking lot had on the "avoidability" or "unavoidability" of the open and obvious snow and ice in defendant's other parking lot.

The crux of the "open and obvious hazard" doctrine is that an invitee has the personal responsibility to protect himself or herself from open and obvious dangers. I would grant leave to appeal to clarify whether the "avoidability" or "unavoidability" of a hazard posing an alleged "special aspect" is relevant to the exercise of such personal responsibility.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 27, 2006

Clerk

d1024