# STATE OF MICHIGAN

# COURT OF APPEALS

BRANDIE LEMMERHART,

      Plaintiff-Appellant,

v

TIMOTHY MARCINIAK, JUDY L.
MARCINIAK, and MAPLE PARK
RECREATION CENTER, INC,

      Defendants-Apellees.

UNPUBLISHED
September 7, 2017

No. 334045
St. Joseph Circuit Court
LC No. 15-000751-NI

Before: BOONSTRA, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's grant of summary disposition in favor of defendants. Plaintiff slipped and fell on ice in the parking lot of a skating rink owned and operated by the individual defendants through the LLC. Plaintiff contended that the ice was present because defendants failed to install a proper gutter on the building, leading to water discharge into the parking lot, and that defendants failed to address the problem of ice in the parking lot despite having been advised of its presence earlier that day by other patrons. Plaintiff claimed both negligence and premises liability. The trial court implicitly concluded that plaintiff's claims sounded in premises liability and that the ice was open and obvious. We affirm.

A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When reviewing a motion under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint, this Court considers all evidence submitted by the parties in the light most favorable to the non-moving party and grants summary disposition only where the evidence fails to establish a genuine issue regarding any material fact. *Id.* at 120. The record suggests that defendants moved for summary disposition under a multitude of court rules, although we cannot find any document in the record explicitly so saying. But the matter was treated as strictly a motion pursuant to MCR 2.116(C)(10), and defendants have not urged this Court to affirm on any alternate basis.

This Court has explicitly held, as plaintiff contends, that the "open and obvious" doctrine does not apply to negligence claims, but rather only to premises liability claims. *Wheeler v*

-1-

*Central Michigan Inns, Inc*, 292 Mich App 300, 304; 807 NW2d 909 (2011). However, the way in which a party frames her claim is not dispositive of whether a claim actually sounds in premises liability or ordinary negligence. *Buhalis v Trinity Continuing Care Services*, 296 Mich App 685, 691-692; 822 NW2d 254 (2012). Even if a plaintiff alleges that the possessor or owner of land created a hazardous condition, if the "injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability *rather than* ordinary negligence." *Id*. at 692 (emphasis added). The distinction is whether the claim is based on "the overt acts of a premises owner on his or her premises" or "injury by a condition of the land." *Kachudas v Invaders Self Auto Wash Inc*, 486 Mich 913, 914; 781 NW2d 806 (2010); see also *James v Alberts*, 464 Mich 12, 18-19; 626 NW2d 158 (2001) ("[t]he alleged injury occurred while [the defendant] and [the plaintiff] were digging the trench; however, [the plaintiff] contends that it arose out of a condition of the land, not out of the activity itself") and *Mann v Shusteric Enterprises, Inc*, 470 Mich 320, 327; 683 NW2d 573 (2004) (intoxicated bar patron who slipped in the parking lot had an "ordinary premises liability" cause of action rather than a dramshop claim).

It is inescapable from reading plaintiff's complaint and arguments that all of the allegedly negligent conduct committed by defendants pertains to the creation of, or failure to abate, a hazardous condition of the land. Defendants did not, for example, push plaintiff over, or turn off the lights as soon as plaintiff reached a treacherous part of a walkway. In other words, defendants did not even allegedly engage in any conduct that directly harmed plaintiff. The trial court did not state in so many words that it found plaintiff's claim to be exclusively one for premises liability and not negligence, but it did impliedly so hold, and that was the correct conclusion.

"Generally, a premises possessor owes a duty of care to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Mann*, 470 Mich at 328. However, that duty does not extend to protect against "open and obvious" dangers unless the danger features "special aspects" making it "unreasonably dangerous" or "effectively unavoidable." *Id*. at 328, 331-332. Critically, whether a condition is "open and obvious" must be evaluated strictly objectively based on the premises, not the plaintiff. *Id*. at 328-329; *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012).

An invitee's interest in patronizing a business does not make a condition "effectively unavoidable," even if the invitee has a contractual right to enter the premises. *Hoffner*, 492 Mich at 455-456. A condition is only "unreasonably dangerous" in narrow circumstances that do not include common or avoidable conditions. *Id*. at 461-463. Our Supreme Court "has 'reject[ed] the prominently cited notion that ice and snow hazards are obvious to all and therefore may not give rise to liability' under any circumstances." *Id*. at 463-464, quoting *Quinlivan v Great Atlantic & Pacific Tea Co, Inc*, 395 Mich 244, 261; 235 NW2d 732 (1975) (alteration by the *Hoffner* Court). However, as a practical matter, "absent special circumstances, Michigan courts have generally held that the hazards presented by snow, snow-covered ice, and observable ice are open and obvious and do not impose a duty on the premises possessor to warn of or remove the hazard." *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 481; 760 NW2d 287 (2008). Moreover, "the presence of wintery weather conditions and of ice on the ground elsewhere on the premises render[s] the risk of [ice] 'open and obvious such that a reasonably prudent person would foresee the danger' . . . ." *Ragnoli v North Oakland-North Macomb Imaging, Inc*, 500 Mich 967, 967; 892 NW2d 377 (2017).

The trial court's conclusion that our Supreme Court has rendered it *completely* impossible in Michigan for snow and ice to *ever* not be open and obvious might be slightly overstated. Nonetheless, we are constrained by precedent from our Supreme Court to conclude that the ice in this case was open and obvious.[1]

Plaintiff finally argues that the trial court erred in dismissing her negligence claims against the individual defendants. We disagree. First, as noted, plaintiff's claims sound in premises liability. Second, plaintiff may not, merely by alleging negligence, avoid the general rule that the principals of an LLC are not liable for the LLC's acts, debts, or obligations unless the corporate entity has been used as a mere instrumentality to commit a wrong or fraud that harmed the plaintiff. *Duray Development, LLC v Perrin*, 288 Mich App 143, 151; 792 NW2d 749 (2010); *Florence Cement Co v Vettraino*, 292 Mich App 461, 469; 807 NW2d 917 (2011). It appears undisputed that although the individual defendants own the property, their LLC leases it and operates it and was therefore the entity in possession and control of the premises on the night of the injury, irrespective of whether the individual defendants were involved in performing operations. Plaintiff has not presented any reason to pierce the corporate veil, so there is no legal basis for holding the individual defendants personally liable under any theory of recovery.

Affirmed.

/s/ Mark T. Boonstra
/s/ Brock A. Swartzle

---

[1] We note that the record includes an affidavit from plaintiff's husband that in part states that he and plaintiff arrived at the skating rink "after dark" and that "[a]t the time [they] arrived the parking lot was dark and no lights illuminated the parking area." However, plaintiff's counsel acknowledged at oral argument that nothing was alleged in plaintiff's complaint about the lighting, that plaintiff had not alleged a cause of action based on the lighting, and that the ice in any event was hidden from view under the snow. We therefore need not consider whether the degree of illumination in the parking lot was in any way actionable.