*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CAROL ANDERSON,

        Plaintiff-Appellee,

and

GALLAGHER BASSETT SERVICES, INC.,

        Intervening Plaintiff-Appellee,

v

SETH TEMPLE CHURCH OF GOD IN CHRIST,
BEAUMONT BOTSFORD OAKWOOD
HEALTH, and BOTSFORD GENERAL
HOSPITAL,

        Defendants-Appellants.

UNPUBLISHED
October 8, 2019

No. 342795
Oakland Circuit Court
LC No. 2017-157809-NO

Before: RIORDAN, P.J., and K. F. KELLY and CAMERON, JJ.

PER CURIAM.

Defendants Seth Temple Church of God in Christ ("Church"), Beaumont Botsford Oakwood Health, and Botsford General Hospital ("Hospital") appeal the trial court's order denying their motion for summary disposition in this premises liability action.[1] We reverse and remand for entry of summary disposition in favor of defendants.

---

[1] On May 15, 2018, we granted defendants' application for leave to appeal. *Carol Anderson v Seth Temple Church of God in Christ*, unpublished order of the Court of Appeals, entered May 15, 2018 (Docket No. 342795).

-1-

This matter arises from an injury plaintiff Carol Anderson sustained to her ankle on October 27, 2015, after she stepped into a leaf-covered hole.[2]  On the day in question, Anderson was scheduled to work at the Hospital.  Before her shift began, she arrived at the designated parking lot and backed her vehicle into a parking space that was on the edge of the parking lot.  The back of Anderson's vehicle faced an unpaved, soil-covered strip of land that was almost entirely covered by leaves.  The paved parking lot and the soil-covered portion of the property were separated by a concrete curb that was six-inches high.

After Anderson completed her work shift at about 3:30 p.m., she walked to her vehicle, opened the driver's side door, and put her work bag inside of the vehicle.  Anderson then walked to the back of the vehicle to get a bag out of the trunk.  To access the trunk, Anderson stepped over the six-inch cement barrier that separated the paved parking lot from the soil-covered strip of land.  At some point after Anderson stepped onto the soil-covered portion of the property, her right foot went into a hole, causing her to roll her right ankle and tear the ligaments therein.  Anderson did not see the hole before she stepped into it because it was covered by leaves.

Anthony Watson, a security officer, was dispatched to the parking lot to take photographs of Anderson's vehicle and the hole.  Watson could not detect the hole until he partially stepped into it.  Watson was not injured.  He described the hole as an "uneven" "depression," with the deepest part being about three inches deep.

On March 14, 2017, Anderson filed a complaint against defendants, alleging claims of premises liability and general negligence.  On December 20, 2017, defendants filed a motion for summary disposition, seeking dismissal of the premises liability and general negligence claims.  As to the premises liability claim, defendants argued that the leaf-covered hole was open and obvious with no special aspects.  As to the general negligence claim, defendants argued that summary disposition was proper because Anderson's negligence claim sounded in premises liability.

After oral arguments, the trial court issued an opinion and order, granting in part and denying in part defendants' motion for summary disposition.  The trial court granted summary disposition as to the general negligence claim because it found that the "allegations . . . sound[ed] in premises liability only."  However, the trial court denied summary disposition under MCR 2.116(C)(10) with respect to the premises liability claim because it found that there was a genuine issue of material fact as to whether the leaf-covered hole was an open and obvious condition.  The instant appeal followed.

Defendants argue on appeal that the trial court erred by denying their motion for summary disposition as to the premises liability claim because there is no question of fact that the leaf-covered hole was open and obvious with no special aspects.  We agree.

---

[2] The property in question was owned by the Church.  The Church leased the property to the Hospital.

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). "Under MCR 2.116(C)(10), the motion tests the factual adequacy of a complaint on the basis of the entire record, including affidavits, depositions, admissions, or other documentary evidence." *Id*. The trial court examines the evidence in the light most favorable to the nonmoving party. *Id*. at 115. Summary disposition is appropriate if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Gorman*, 302 Mich App at 116 (quotation marks and citation omitted).

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). "In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). However, a "possessor of land is not an absolute insurer of the safety of an invitee." *Anderson v Wiegand*, 223 Mich App 549, 554; 567 NW2d 452 (1997). "Absent special aspects, this duty generally does not require the owner to protect an invitee from open and obvious dangers." *Benton*, 270 Mich App at 440-441.

The standard for determining if a condition is open and obvious is whether "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection." *Novotney v Burger King Corp*, 198 Mich App 470, 474-475; 499 NW2d 379 (1993). When determining whether a condition is open and obvious, "an objective standard, i.e., a reasonably prudent person standard," is utilized. *Mann v Shusteric Enterprises, Inc*, 470 Mich 320, 329; 683 NW2d 573 (2004). "That is, in a premises liability action, the fact-finder must consider the condition of the premises, not the condition of the plaintiff." *Id.* (quotations omitted). For example, this Court has held that snow-covered black ice constitutes an open and obvious condition because a reasonably prudent person would be aware of the potential slipperiness of a snow-covered surface. See *Royce v Chatwell Club Apartments*, 276 Mich App 389, 394; 740 NW2d 547 (2007). Thus, if a concealed hazard would be anticipated by a reasonably prudent person because of the condition of the premises, it is open and obvious as a matter of law.

In this case, Anderson injured herself when she stepped into a leaf-covered hole next to a paved parking lot. Although Anderson and Watson both testified that they did not see the hole before they stepped into it because it was covered by leaves, we find that a reasonable person would have anticipated encountering unevenness, depressions, or holes in the soil-covered strip of property given the condition of the premises. Photographs that were taken a short period of time after Anderson was injured show that the soil-covered strip of property was heavily covered by leaves. However, in certain areas, bare soil was visible. It is common knowledge that soil is typically exposed to the elements and human and animal activity, all of which can create depressions and holes in the soil. Thus, a reasonably prudent person in Anderson's position would have been able to foresee that the leaves in question could be hiding a hazard, such as a

hole or an uneven surface. Because reasonable minds could not differ, the trial court erred by determining that there was a genuine issue of material fact as to whether the leaf-covered hole was an open and obvious condition. See *Gorman*, 302 Mich App at 116.

Even so, an open and obvious condition may result in liability if the condition possesses special aspects that make it unreasonably dangerous. *Lugo*, 464 Mich at 517. The special aspects of an open and obvious risk that could give rise to liability are: (1) when the danger is effectively unavoidable or (2) when the danger is unreasonably dangerous. *Id*. at 518-519. In *Lugo*, our Supreme Court provided illustrations of hazards that could be considered effectively unavoidable and unreasonably dangerous:

> An illustration of such a situation might involve, for example, a commercial building with only one exit for the general public where the floor is covered with standing water. While the condition is open and obvious, a customer wishing to exit the store must leave the store through the water. In other words, the open and obvious condition is effectively unavoidable. Similarly, an open and obvious condition might be unreasonably dangerous because of special aspects that impose an unreasonably high risk of severe harm. To use another example, consider an unguarded thirty foot deep pit in the middle of a parking lot. The condition might well be open and obvious, and one would likely be capable of avoiding the danger. Nevertheless, this situation would present such a substantial risk of death or severe injury to one who fell in the pit that it would be unreasonably dangerous to maintain the condition, at least absent reasonable warnings or other remedial measures being taken. [*Id*. at 518.]

We conclude that the leaf-covered hole did not have any special aspects. First, "the standard for 'effective unavoidability' is that a person, for all practical purposes, must be *required* or *compelled* to confront a dangerous hazard." *Hoffner v Lanctoe*, 492 Mich 450, 469; 821 NW2d 88 (2012). In contrast, "situations in which a person has a *choice* whether to confront a hazard cannot truly be unavoidable, or even effectively so." *Id.* Here, the leaf-covered hole was avoidable because Anderson was not required or compelled to confront the hole. Indeed, she chose park her vehicle in a manner that required her to utilize the soil-covered strip to access the trunk. Likewise, it was Anderson's decision to remove the bag from the trunk of her vehicle immediately after she left work on the day in question. Anderson could have retrieved the item from the trunk at a later time or from a different location given that the hole in question was not preventing Anderson from entering her vehicle. Thus, the undisputed evidence establishes that the hole was not effectively unavoidable for all practical purposes. See *id.*

Second, the leaf-covered hole did not rise to the level of danger posed by "an unguarded thirty foot deep pit in the middle of a parking lot." See *Lugo*, 464 Mich at 518. Rather, uneven surfaces, depressions, and holes are common conditions on soil-covered land and stepping into a three-inch deep hole does not create the type of "uniquely high likelihood of harm or severity of harm" contemplated in *Lugo*. *Lugo* at 519. Consequently, because the hole in question did not have special aspects, the trial court erred by denying defendants' motion for summary disposition. See *Gorman*, 302 Mich App at 115. Thus, we reverse and remand to the trial court

for entry of summary disposition in favor of defendants with respect to the premises liability claim.

Reversed and remanded for entry of summary disposition in favor of defendants. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Kirsten Frank Kelly
/s/ Thomas C. Cameron