*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN G. VERNIER,

        Plaintiff-Appellee,

UNPUBLISHED
July 2, 2020

v

NEW BALTIMORE SENIOR PRESERVATION
LIMITED PARTNERSHIP and VASHCO LAWN
CARE, LLC,

        Defendants-Appellants.

No. 347130
Macomb Circuit Court
LC No. 2017-004041-NO

Before: STEPHENS, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

In this premises liability action, defendants appeal by leave granted[1] the trial court's order denying defendants' motion for summary disposition. This case arises out of plaintiff's slip and fall in the parking lot of his apartment complex, which was owned by New Baltimore Senior Preservation Limited Partnership (New Baltimore), on December 11, 2016. New Baltimore contracted with Vashco Lawn Care, LLC (Vashco) to handle the snow removal services for the apartment complex. On appeal, defendants argue that the trial court erred by denying defendants' motion for summary disposition. They base their argument on the trial court's determination that there was a material question of fact as to whether the ice on which the plaintiff fell was an open and obvious danger. Additionally, they claim error as to two issues not addressed by the trial court. They claim the trial court erred in failing to find that the parking lot was fit for its intended purpose, and that defendant Vashco did not owe a duty to plaintiff. The plaintiff declined to address the Vascho duty argument on appeal and we deem it conceded. We reverse and remand.

## I. PROCEDURAL HISTORY

---

[1] *Vernier v New Baltimore Senior Preservation LP*, unpublished order of the Court of Appeals, entered May 29, 2019 (Docket No. 347130).

Plaintiff left his apartment between 7:00 a.m. and 9:00 a.m. It had snowed all night, and there was 1 to 2 inches of snow accumulation when plaintiff walked out of the front door of the apartment complex. Plaintiff was walking through the parking lot to his car when he slipped on some ice and fell on his back. Vashco had two employees in the parking lot clearing snow at the time plaintiff fell. They had already cleared the snow from the area where plaintiff fell. Vashco's employees helped plaintiff to his feet, and plaintiff was able to walk the rest of the way to his vehicle, get into his vehicle, and drive to breakfast.

Plaintiff filed a complaint against defendants, asserting a claim of negligence. Defendants filed a motion for summary disposition, arguing that the ice was an open and obvious danger, the parking lot was fit for its intended purpose, and that Vashco did not owe a duty to plaintiff. The trial court denied defendants' motion for summary disposition because, after an individual analysis of the circumstances at the time of plaintiff's fall, the trial court found there was a question of fact whether the ice was open and obvious.

## II. DISCUSSION

## A. OPEN AND OBVIOUS DANGER

Defendants argue that the trial court erred by determining that the ice plaintiff fell on was not an open and obvious danger. We agree.

Defendants also argue that the trial court's analysis of this case was premised on the unpublished case of *Young v Walton Oil, Inc*, unpublished per curiam opinion of the Court of Appeals, issued February 6, 2018 (Docket No. 333794).

This Court reviews a grant or denial of summary disposition de novo. *Detroit Edison Co v Stenman*, 311 Mich App 367, 377; 875 NW2d 767 (2015). "A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim." *Steward v Panek*, 251 Mich App 546, 555; 652 NW2d 232 (2002). "When reviewing a trial court's decision to grant a motion for summary disposition, we consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party." *Id*. "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). A genuine issue of material fact exists "when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

In this case, the trial court merely relied on *Young*'s "individualized analysis" to conclude that there was an issue of fact whether the black ice was an open and obvious danger. There is nothing in the transcript of the summary disposition motion hearing to suggest the trial court concluded that the issue of whether the black ice was an open and obvious danger must be submitted to a jury. The trial court erred because the black ice was ultimately open and obvious as a matter of law. The trial court properly applied precedent, despite mistakenly denying defendants' motion for summary disposition on the basis of an issue of fact whether the black ice was open and obvious.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). The duty a landlord owes to a person depends on that person's status on the land. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). "A person invited on the land for the owner's commercial purposes or pecuniary gain is an invitee, and a tenant is an invitee of the landlord." *Benton*, 270 Mich App at 440. "Generally, an owner of land owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 693; 822 NW2d 254 (2012) (quotation marks and citation omitted). "[T]his duty does not extend to open and obvious dangers." *Id*.

"The standard for determining if a condition is open and obvious is whether 'an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection.'" *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 478; 760 NW2d 287 (2008), quoting *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475; 499 NW2d 379 (1993) (alteration in original). The open and obvious test is objective, on the basis of "whether a reasonable person in the plaintiff's position would have foreseen the danger . . . ." *Slaughter*, 281 Mich App at 479. However, with issues involving winter conditions, "our courts have progressively imputed knowledge regarding the existence of a condition as should reasonably be gleaned from all of the senses as well as one's common knowledge of weather hazards that occur in Michigan during the winter months." *Id*.

Defendants argue the trial court erred in failing to determine that the ice plaintiff slipped on was an open and obvious danger. By its very nature, black ice "is either invisible or nearly invisible, transparent, or nearly transparent." *Slaughter*, 281 Mich App at 483. However, when there are "other indicia of a potentially hazardous condition," black ice may be open and obvious. *Id*. Defendants assert that the cold weather, the ongoing winter storm, and 1 to 2 inches of accumulated snow were all factors that would lead an average person of ordinary intelligence to be aware of the possibility of ice in the parking lot.

The trial court erred when it determined there was an issue of fact whether the ice in the parking lot was an open and obvious danger. During plaintiff's deposition, plaintiff testified that he lived in the apartment owned by New Baltimore for more than 10 years. Plaintiff also testified that it had snowed the night before he fell, that it was lightly snowing when plaintiff fell, and that 1 to 2 inches of snow had accumulated. Further, employees of Vashco were actively removing snow from the parking lot when plaintiff fell and had already cleared the area of the parking lot where plaintiff fell. Plaintiff testified that he did not see any ice in the parking lot as he walked to his vehicle. Our Supreme Court determined that conditions similar to those in this case "by their nature would have alerted an average user of ordinary intelligence to discover the danger [of black ice] upon casual inspection." *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934, 935; 782 NW2d 201 (2010). The plaintiff did not present the trial court with any evidence that would distinguish this case from either *Janson* or *Slaughter*. Therefore, the ice was an open and obvious danger.

Defendants further argue there was nothing else to be done to prevent plaintiff from falling on the ice in the parking lot. "The degree of care required of a premises possessor is to 'take reasonable measures within a reasonable period of time after the accumulation of snow and ice to diminish the hazard of injury to [the plaintiff, but] only if there is some special aspect that makes such accumulation unreasonably dangerous.'" *Buhalis*, 296 Mich App at 696 (alteration in original), quoting *Mann v Shusteric Enterprises, Inc*, 470 Mich 320, 332; 683 NW2d 573 (2004). Here, New Baltimore contracted Vashco to remove snow and ice from the premises. At 9:00 a.m. on the date of plaintiff's slip and fall, Vashco plowed between 2 and 4 inches of snow, and at 9:05 a.m., Vashco applied 500 pounds of salt. Defendants took the reasonable measures of removing snow and applying salt to the parking lot, which had 1 to 2 inches of snow accumulation. Therefore, defendants fulfilled their duty to plaintiff by taking reasonable measures to protect plaintiff, and the other tenants, from dangerous conditions.

## B.  FIT FOR INTENDED USE

Defendants additionally argue the trial court erred by failing to determine that New Baltimore did not breach its statutory duty to plaintiff under MCL 554.139. We agree.

Plaintiff's statutory claim arises from MCL 554.139, which states, in pertinent part:

(1) In every lease or license of residential premises, the lessor or licensor covenants:

(a) That the premises and all common areas are fit for the use intended by the parties. [*Royce v Chatwell Club Apartments*, 276 Mich App 389, 396; 740 NW2d 547 (2007), quoting MCL 554.139.]

A parking lot is a common area under MCL 554.139(1)(a) because "it is accessed by two or more, or all, of the tenants and the lessor retains general control." *Allison*, 481 Mich at 428. "A lessor's obligation under MCL 554.139(1)(a) with regard to the accumulation of snow and ice concomitantly would commonly be to ensure that the entrance to, and the exit from, the lot is clear, that vehicles can access parking spaces, and that tenants have reasonable access to their parked vehicles." *Id*. at 428. Accordingly, the intended purpose of a parking lot is to park vehicles, while "[w]alking in a parking lot is secondary to the parking lot's primary use." *Hadden v McDermitt Apartments, LLC*, 287 Mich App 124, 132; 782 NW2d 800 (2010).

[MCL 554.139] does not require a lessor to maintain a lot in an ideal condition or in the most accessible condition possible, but merely requires the lessor to maintain it in a condition that renders it fit for use as a parking lot. Mere inconvenience of access, or the need to remove snow and ice from parked cars, will not defeat the characterization of a lot as being fit for its intended purposes. [*Allison*, 481 Mich at 430.]

On the morning plaintiff slipped and fell in the parking lot, there was 1 to 2 inches of snow on the ground. However, plaintiff testified that the area of the parking lot where he fell had already been cleared of snow. After two Vashco employees helped plaintiff to his feet after his fall, plaintiff was able to walk the rest of the distance to his vehicle, enter his vehicle, and exit the parking lot. Although plaintiff alleges that he slipped and fell on ice in the parking lot, plaintiff was able to use the parking lot as it was intended, i.e., to park his vehicle and have reasonable

access to his vehicle. Accordingly, New Baltimore did not breach its duty under MCL 554.139(1)(a) because the parking lot was "in a condition that render[ed] it fit for its use as a parking lot." *Id*. Thus, summary disposition was warranted regarding plaintiff's statutory violation claim.

## III. CONCLUSION

The trial court erred when it determined that the ice in the parking lot was not open and obvious. There were sufficient indicia of a potential hazard to alert an average user of ordinary intelligence who was familiar with Michigan winter conditions to discover the ice upon casual inspection. Although the trial court ultimately erred regarding the issue of the open and obvious nature of the ice, the trial court properly applied precedent because the trial court found there was an issue of fact whether the ice was open and obvious in denying summary disposition. Although plaintiff allegedly slipped and fell on ice in the parking lot, plaintiff was able to walk to his parked vehicle, get inside his vehicle, and drive out of the parking lot. Thus, the parking lot was fit for its intended use, under MCL 554.139. Finally, the Vashco issue was uncontested.

Reversed and remanded for entry of an order granting summary disposition in favor of defendants. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien
/s/ James Robert Redford