# STATE OF MICHIGAN

# COURT OF APPEALS

DENISE FOWLER as Next Friend of
VIRGINIA JANE RAWLUSZKI,

        Plaintiff-Appellee,

v

MENARD, INC.,

        Defendant-Appellant.

UNPUBLISHED
September 15, 2015

No.  310890
Bay Circuit Court
LC No.  11-003317-NO

Before:  RONAYNE KRAUSE, P.J., and WILDER and STEPHENS, JJ.

WILDER, J., (*dissenting*).

I respectfully dissent.  I would reverse the trial court and hold that plaintiff did not establish that the crosswalk markings on the parking lot pavement were installed in such a way that they constituted a special aspect sufficient to avoid the application of the open and obvious doctrine in this case.

In affirming the trial court's order denying summary disposition, the majority upholds the trial court's finding that Menard's intentional design of the crosswalk was such that Menard "created a safety zone, . . . a special aspect, [which]warranted the imposition of a duty of care." The majority further holds that plaintiff's expert report purportedly supports this finding, and that defendant failed to submit any evidence on the question whether the crosswalk design would give a pedestrian a sense of safety or distraction.  I disagree.

In *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 518; 629 NW2d 384 (2001), our Supreme Court proffered two examples of conditions that would satisfy a special aspects exception—an unguarded, 30–foot deep pit, which creates "a substantial risk of death or severe injury[,]" and a standing pool of water in front of the only exit to a premises, which is "effectively unavoidable" by a person trying to leave the premises.  Moreover, *Lugo* emphasizes that "only those special aspects which give rise to a *uniquely* high likelihood of harm or severity of harm if the risk is not avoided will serve to remove that condition from the open and obvious danger doctrine." *Id*. at 519 (emphasis added).  In the first "published case[] dealing with the application of the open and obvious doctrine to parking lot design[,]" this Court held in *Richardson v Rockwood Center, LLC*, 275 Mich App 244, 248; 737 NW2d 801 (2007), that "[t]he lack of signs or other traffic control devices or markings does not constitute a 'special aspect' that would remove [a] case from an application of the open and obvious danger doctrine." *Id*. at 249.  The difficulty in

establishing an exception to the open and obvious doctrine was amplified upon by our Supreme Court in *Hoffner v Lanctoe*, 492 Mich 450, 472; 821 NW2d 88 (2012):

> [W]hen confronted with an issue concerning an open and obvious hazard, Michigan courts should hew closely to the principles previously discussed. It bears repeating that exceptions to the open and obvious doctrine are *narrow* and designed to permit liability for such dangers only in *limited*, extreme situations. Thus, an "unreasonably dangerous" hazard must be just that—not just a dangerous hazard, but one that is *unreasonably* so. And it must be *more than* theoretically or retrospectively dangerous, because even the most unassuming situation can often be dangerous under the wrong set of circumstances. [Citations omitted.]

The facts here do not establish a question of fact of the existence of an "unreasonably dangerous" hazard. Plaintiff's expert opined that "the design of the crosswalks . . . [were] substandard for safety[,]" noting that at the site of the collision there were only "crosswalk hash stripes" and that "[t]here [were] no warning signs, no pedestrian crosswalk warning signs or any type of signage." However, as noted by the *Richardson* Court, "it is typical for parking lots outside businesses to lack signs or other traffic controls[,]" and "[a] common condition is not uniquely dangerous, and, therefore, does not give rise to an unreasonable risk of harm." *Richardson*, 275 Mich App at 249 (citations and quotation marks omitted). The fact that Menard installed crosswalk hash stripes but did not also install other signage did not create a question of fact regarding whether this condition that is common in parking lots throughout the State of Michigan was uniquely dangerous or gave rise to an unreasonable risk of harm. Because I conclude the record does not demonstrate the existence of a special aspect as defined in our caselaw, I would reverse.

/s/ Kurtis T. Wilder