*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LAWRENCE RIVERA and KERRIE RIVERA,

Plaintiffs-Appellants,

v

LOWE'S HOME CENTER, LLC, also known as
LOWE'S HOME CENTER, INC., and OUTER
DRIVE-39 DEVELOPMENT COMPANY, LLC,

Defendants-Appellees.

UNPUBLISHED
November 19, 2020

No. 348032
Wayne Circuit Court
LC No. 18-004467-NI

Before: GLEICHER, P.J., and K. F. KELLY and SHAPIRO, JJ.

PER CURIAM.

Plaintiff Lawrence Rivera was struck by a car in the parking lot of a "big box" store and seriously injured. He alleges that the parking lot did not provide drivers and pedestrians with appropriately designated crosswalks. The defense countered that there was nothing dangerous about the parking lot and that the crosswalk was open and obvious—but Rivera hadn't used it. Along with a motion for summary disposition on those grounds, defendants produced a surveillance video that captured the accident. The trial court granted summary disposition based on the open and obvious danger doctrine.

The centerpiece of any premises liability case is evidence of an unreasonably dangerous condition on the land. Summary disposition was properly granted because plaintiffs failed to come forward with evidence supporting that any aspect of the parking lot was dangerous or defective.

I

Plaintiffs Lawrence and Kerrie Rivera, husband and wife, sued defendant Lowe's Home Center, Inc., in the Wayne Circuit Court in April 2018. After parking in the store's lot, the complaint alleges, they traversed the parking area and "walked onto a crosswalk which was part of the approach to the store." A Chevrolet Suburban had stopped within the crosswalk before plaintiffs entered it. When Lawrence Rivera entered the crosswalk, the complaint continues, he "was immediately struck by a vehicle operated by Byrl Henry Green, which pinned Plaintiff between the two vehicles." Plaintiffs' complaint asserts that "the crosswalks and markings" were

-1-

"confusing" and "not in compliance with recognized safety standards, and were unreasonably hazardous and dangerous."

One month after plaintiffs filed their complaint, Lowe's removed the case to the United States District Court for the Eastern District of Michigan based on diversity of citizenship. Less than a month later, the parties filed a "joint discovery plan" pursuant to FR Civ P 26(a)(1). The Riveras' "statement of the case" in the discovery plan echoed the averments in their complaint. Lowe's stated that the accident resulted "solely" from the "actions and/or inactions of the at-fault driver and/or the Plaintiff." Lowe's also raised defenses of "the lack of breach of any legal duty, the open and obvious doctrine, and comparative negligence."

The joint discovery plan informed the district court that the parties intended to add as a party-defendant the owner of the property on which the Lowe's sat, and that plaintiffs had provided a copy of a surveillance video of the accident to Lowe's. The parties proposed that plaintiffs would disclose their experts on September 27, 2018.

As predicted, plaintiffs filed an amended complaint in the federal district court adding as a defendant Outer Drive 39 Development Co., L.L.C., which the amended complaint identified as Lowe's "landlord." Outer Drive 39's addition to the case destroyed diversity of citizenship. The federal district court remanded the action back to the Wayne Circuit Court. The case landed in the circuit court on September 6, 2018. We mention the dates because they help to elucidate that summary disposition rests on solid ground.

In November 2018, the circuit court entered a scheduling order providing that discovery would close in June 2019. In lieu of filing an answer to the amended complaint, on January 15, 2019, Outer Drive 39 filed a motion for summary disposition under MCR 2.116(C)(10). Outer Drive 39 asserted that Lawrence Rivera had not been struck by a car within the crosswalk, but rather while he was walking through "the traffic lane for cars turning into parking lanes." The Chevrolet Suburban stopped for a pedestrian just short of the marked crosswalk, Outer Drive 39 claimed, and the Riveras continued walking around and behind that vehicle. A car travelling behind the Suburban did not stop, however, rear-ending the Suburban and hitting Lawrence Rivera. In support of this version of the events, Outer Drive 39 filed the surveillance video. The video confirms Outer Drive's description of the accident.

Relying primarily on *Richardson v Rockwood Ctr*, 275 Mich App 244; 737 NW2d 801 (2007), Outer Drive 39's motion contended that plaintiffs could not prove that the parking lot presented an unreasonable risk of harm, and that the sole proximate cause of the accident was Green's failure to stop. Lowe's concurred.

One month later, plaintiffs filed a response brief complaining that discovery had not yet closed, that defendant's motion was "premature," and that "there are other material facts which will be in dispute." The brief closed with the promise that: "The Plaintiff's [sic] expert will very eloquently discuss all the safety standards that are violated on the Defendant's premises." The circuit court dismissed the case with the brief pronouncement that "it would be open and obvious under *Lugo* [*v Ameritech Corp, Inc*, 464 Mich 512; 629 NW2d 384 (2001)]."

II

Plaintiffs challenge the circuit court's ruling on three grounds: that the circuit court "jumped the gun and prematurely dismissed the case solely on *Lugo*" grounds, that plaintiffs pleaded "special aspects" precluding application of the open and obvious danger defense, and that the video was inadmissible because it was not "authenticated" under MRE 901(a). None of these assertions, which we address in reverse order, has merit.

Fundamental summary disposition principles guide our analysis of all three arguments. A motion bought under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). A party may be entitled to summary disposition if, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact . . . ." MCR 2.116(C)(10). The moving party bears the initial burden to demonstrate that it is entitled to summary disposition. *Barnard Mfg v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). It meets this burden by " 'specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact.' " *Id.*, quoting MCR 2.116(G)(4). And the moving party must support its motion with affidavits, depositions, admissions, or other documentary evidence that, if unrebutted, would establish a right to summary disposition. *Barnard Mfg*, 285 Mich App at 369-370.

If the movant properly supports its motion, the burden shifts to the nonmoving party to establish that a disputed fact exists. *Id.* at 370, citing *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The responding party cannot simply rest on the allegations in its complaint. *Coblentz v Novi*, 475 Mich 558, 569; 719 NW2d 73 (2006). "Affidavits, pleadings, depositions, admissions, or other documentary evidence must be offered to survive summary disposition." *Id.* "Evidence offered in support of or in opposition to the motion can be considered to the extent that it is *substantively* admissible." *Veenstra v Washtenaw Country Club*, 466 Mich 155, 163-164; 645 NW2d 643 (2002) (emphasis added), citing MCR 2.116(G)(6). The evidence need not be admissible in the form in which it is presented. *Barnard Mfg*, 285 Mich App at 373.

A

The videotape was substantively admissible evidence despite that it was not "authenticated." Outer Drive 39 was not obligated to lay a foundation for the admission of the videotape before the circuit court could consider it. See *id*. Plaintiffs' authentication argument is not well taken for a second reason: plaintiffs themselves possessed a copy of the videotape before the motion was filed; they provided it to Lowe's during the federal court proceedings. If plaintiffs had any doubt about the authenticity of the videotape, they had ample opportunity to raise their concerns. Because it was substantively admissible evidence, the circuit court properly considered the videotape in evaluating defendants' motion for summary disposition.

B

Plaintiffs argue that their case should not have been dismissed on open and obvious danger grounds because the crosswalk that Rivera avoided had "special aspects" rendering it defective and dangerous, and those aspects proximately caused the accident. Special aspects, a legal term of art under Michigan law, refers to conditions on the land that create a "uniquely high likelihood

of harm" or serious injury. *Lugo*, 464 Mich at 519. Plaintiffs identified no particular special aspects in their pleadings, or in response to the motion for summary disposition, or by presenting any evidence of a special aspect. In *Richardson*, 275 Mich App at 248-249, this Court held that even those parking lots lacking signs or "other traffic control devices" did not harbor any "special aspects." How the parking lot or the crosswalk in this case falls outside of *Richardson* and could therefore meet the requirements of the "special aspect" doctrine remains unclear and undeveloped, even on appeal.

In response to a motion for summary disposition under MCR 2.116(C)(10), the mere invocation of a term like "special aspects" does not establish a triable issue of fact. Although summary disposition is generally premature if granted before discovery has been completed, it may be appropriate nonetheless where "further discovery does not stand a fair chance of uncovering factual support for the proposition of the party opposing the motion." *Prysak v R L Polk Co*, 193 Mich App 1, 11; 483 NW2d 629 (1992). The videotape evidence, combined with this Court's opinion in *Richardson*, compel the conclusion that there were no "special aspects" to the Lowe's parking lot. Plaintiffs' failure to direct this Court or the circuit court to any argument or evidence suggesting otherwise supports that the hypothetical existence of a special aspect does not suffice to prevent summary disposition.

C

We agree with plaintiffs that the circuit court erred by relying solely on the open and obvious danger doctrine to dismiss this case. The circuit court skipped over the first step of the legal analysis—determining whether the parking lot or the crosswalk was unreasonably dangerous. Liability for injury to an invitee such as Lawrence Rivera hinges on whether the premises presented "an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo*, 464 Mich at 516. Rivera presented no evidence whatsoever on this score.

Plaintiffs insist that they planned to present such evidence after discovery closed. We note, however, that plaintiffs pledged in the federal district court to name experts by September 27, 2018—about five months before plaintiffs filed their circuit court response to defendants' motion for summary disposition. The salient question is whether further discovery in the circuit court was likely to uncover factual support for plaintiffs' claims. *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292-293; 769 NW2d 234 (2009). The court rules offer a plaintiff seeking to protect his or her position in that regard a foolproof method of demonstrating that summary disposition is premature. MCR 2.116(H) states:

> (1) A party may show by affidavit that the facts necessary to support the party's position cannot be presented because the facts are known only to persons whose affidavits the party cannot procure. The affidavit must
>
> > (a) name these persons and state why their testimony cannot be procured, and
>
> > (b) state the nature of the probable testimony of these persons and the reason for the party's belief that these persons would testify to those facts.

(2) When this kind of affidavit is filed, the court may enter an appropriate order, including an order

      (a) denying the motion, or

      (b) allowing additional time to permit the affidavit to be supported by further affidavits, or by depositions, answers to interrogatories, or other discovery.

Plaintiffs failed to avail themselves of this mechanism for avoiding summary disposition and instead provided the court a promise to produce evidence later. An affidavit signed by Lawrence Rivera, for example, might have explained why he found the parking lot confusing. An affidavit signed by plaintiffs' alleged expert might have set forth a reason that a jury could consider the parking lot defective or dangerous. Plaintiffs assert that the parking lot violated safety standards; production of such standards may have created a genuine issue of material fact. Standing alone, however, a promise to produce evidence in the future does not suffice to forestall summary disposition, particularly in a case that had been pending for almost a year. Because plaintiffs did not provide the circuit court with evidence suggesting that the parking lot presented a danger, they did not carry their burden.

We affirm.

                            /s/ Elizabeth L. Gleicher
                            /s/ Kirsten Frank Kelly
                            /s/ Douglas B. Shapiro