*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRITTANY McCARTY,

      Plaintiff-Appellee,

UNPUBLISHED
April 13, 2023

v

BEPRO, LLC,

      Defendant,

No. 361250
Wayne Circuit Court
LC No. 20-014523-NO

and

METRO DETROIT PROPERTY MANAGEMENT,
LLC,

      Defendant-Appellant.

Before: CAVANAGH, P.J., and BOONSTRA and RIORDAN, JJ.

PER CURIAM.

Defendant, Metro Detroit Property Management (Property Management), appeals by leave granted an order denying its motion for summary disposition in this premises-liability case. *McCarty v Bepro*, unpublished order of the Court of Appeals, entered August 12, 2022 (Docket No. 361250). We affirm in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND FACTS

On October 14, 2018, plaintiff fell off the right side of the front porch while attempting to enter the home she was renting in Detroit that was owned by defendant Bepro, LLC, and managed by defendant Property Management. There was a handrail on the left side, but there was no handrail on the right side of the front porch. In March 2021, plaintiff filed her first amended complaint alleging two claims against both defendants: negligence for maintaining a dangerous condition, and breach of a landlord's statutory duty under MCL 554.139 to ensure the premises, including the front porch, were fit for the intended use. Defendant Property Management responded to plaintiff's complaint, but defendant Bepro did not file a response. Later in the lower

-1-

court proceedings plaintiff filed what was labeled "Entry of Default" against Bepro. Counsel for Bepro then filed an appearance and, construing plaintiff's "Entry of Default" as a request for the trial court's clerk to enter a default against Bepro under MCR 2.603(A), filed a response opposing that request. But that matter was not decided by the trial court before Property Management's application for leave to appeal was granted and an order was entered staying the trial court proceedings pending the appeal.

In plaintiff's initial disclosures filed under MCR 2.302(A), plaintiff stated that Bepro owned the rental property, but Property Management was the property manager and landlord under a lease agreement dated May 30, 2018. Plaintiff asserted that she fell and was injured because there was no railing on the right side of the front porch despite the fact that the porch was very small and the door to the house opened outward, requiring a person to stand on the right edge of the porch to open the door. In defendant Property Management's initial disclosures filed under MCR 2.302(A), Property Management stated that it did not own or lease the property at issue; rather, defendant Bepro was the owner and lessor. Thus, Property Management did not owe plaintiff any duties but, if it did, such duties were not breached because: the property was fit for its intended purposes and in reasonable repair; plaintiff assumed the duties of maintenance and repair under the terms of the lease; the allegedly dangerous condition was open and obvious without special aspects; and defendant did not have actual or constructive notice of the allegedly dangerous condition.

On February 2, 2022, Property Management filed a motion for summary disposition under MCR 2.116(C)(10), arguing that plaintiff's claims against it must be dismissed. First, Property Management argued, it owed no legal duty to plaintiff because there was no legal relationship between plaintiff and Property Management; rather, any interaction with plaintiff was merely incidental to Property Management's contractual relationship with Bepro, the owner of the property. Second, Property Management neither possessed nor controlled the property at issue; rather, it merely collected rents and coordinated contractors on behalf of Bepro. Third, Property Management was not a lessor under MCL 554.139; thus, no claim for a breach of such statutory duties can be established. Fourth, even if MCL 554.139 was applicable, the porch at issue was fit for its intended use and there was no evidence establishing any defect. Fifth, plaintiff's premises-liability claim was barred by the open and obvious doctrine because any danger arising from the condition of the porch was known or should have been known by plaintiff and no special aspects existed. And, sixth, plaintiff could not establish that Property Management had notice or constructive notice of the allegedly dangerous conditions, i.e., that the porch was too small and required railing on the right side. Property Management attached excepts of plaintiff's deposition testimony to its motion, as well as a copy of a photograph of the porch.

On April 5, 2022, plaintiff responded to Property Management's motion for summary disposition, arguing that the front porch entryway constituted a dangerous condition because the front door was offset and the storm door swung outward to the left and only a narrow strip of cement was available on the right side to stand on while trying to enter the house but there was no railing. Further, plaintiff argued, she entered into a lease agreement on May 30, 2018 with defendant Property Management—which was specifically named the "landlord." There is no other entity—including Bepro—named in that lease agreement as a landlord, lessor, or owner. Plaintiff attached the lease agreement and related documents to her response to defendant's motion. Therefore, plaintiff argued, defendant's claim that it had no legal relationship with plaintiff was

wholly without merit: Property Management was plaintiff's landlord and its duty to plaintiff arose from that relationship as well as by statute, and thus, its motion must be denied.

Second, plaintiff argued, Property Management breached its statutory duty under MCL 554.139(1)(a) to ensure that the property was fit for its intended use because the front porch entryway constituted a dangerous condition, as discussed above. And Property Management had actual notice or, at minimum, constructive notice of the condition since it remained unchanged from the inception of the lease through to the time of plaintiff's fall. Third, plaintiff argued, Property Management breached its common-law duty to plaintiff, who was an invitee, by maintaining a dangerous condition on its property. The unsafe condition "was the size and offset of the porch, made even smaller by the outward swing of the storm door." This unsafe condition was allowed to exist despite the fact that Property Management's maintenance coordinator, Grayson Emanoil, admitted in his deposition that Property Management collected rent, handled maintenance issues, and apprised the owner or general contractors about issues that arise. And, fourth, plaintiff argued that the dangerous nature of the porch was not open and obvious, but even if it was, there were special aspects that rendered it unreasonably dangerous in light of the "uniquely high likelihood of harm" since the danger had to be confronted in order to gain entrance to the home and there was no protective railing to prevent a fall. Accordingly, plaintiff argued that Property Management was not entitled to summary disposition. Attached to plaintiff's responsive brief were excepts of her deposition testimony and Emanoil's deposition testimony, as well as the rental agreement between plaintiff as "tenant" and Property Management as "landlord," and a photograph of the front porch entryway at issue.

Property Management filed a reply to plaintiff's response to its motion for summary disposition, arguing that plaintiff failed to establish that a genuine issue of material fact existed on the issues whether: (1) Property Management owned, possessed, or controlled the premises; (2) Property Management had notice of the alleged hazard; (3) the porch was unfit for its intended use; and (4) the open and obvious doctrine was inapplicable. Accordingly, Property Management argued that it was entitled to the summary dismissal of plaintiff's claims.

On April 12, 2022, a hearing was held on Property Management's motion for summary disposition and the parties relied on their briefs. The trial court recited the underlying facts, including that the rental agreement listed Property Management as the landlord and plaintiff as the tenant. Because Property Management was listed as the landlord it had, could have had, or should have had actual control over the premises, and thus, a question of fact existed that prevented summary disposition. That is, Property Management failed to present its contract with Bepro—which would indicate what its duties were and were not—and thus, failed to rebut plaintiff's evidence that Property Management had control of the premises. Further, the photograph of the front porch established that a question of fact existed as to whether the porch constituted a dangerous condition because it was off-centered such that there was only a narrow space on the right side making it hazardous to enter into the house through the front door and there was no railing to prevent falling off the porch on the right side. Accordingly, the trial court denied Property Management's motion for summary disposition. This appeal followed.

-3-

## II. ANALYSIS

Property Management first argues that it was entitled to summary disposition of plaintiff's premises-liability claim because Property Management owed no common-law duty to plaintiff since it did not own, possess, or control the premises, and further, the claim is barred by the open and obvious doctrine. We disagree with the first argument, but agree with the second argument. Next, Property Management argues that it was not plaintiff's lessor but even if it is deemed plaintiff's lessor, the front porch was fit for its intended use as a matter of law, and thus, it was entitled to summary disposition of plaintiff's claim brought under MCL 554.139(1)(a). We disagree with this argument.

### A. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Lakeview Commons v Empower Yourself, LLC*, 290 Mich App 503, 506; 802 NW2d 712 (2010). A motion brought under MCR 2.116(C)(10) tests the factual support of a claim and should be granted if, after consideration of the evidence submitted by the parties in the light most favorable to the nonmoving party, no genuine issue regarding any material fact exists. *Id*. The moving party bears the initial burden of production, which may be satisfied "in one of two ways." *Quinto v Cross & Peters Co*, 451 Mich 358, 361; 547 NW2d 314 (1996). "First, the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim. Second, the moving party may demonstrate to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id*. at 362 (quotation marks and citation omitted). Once the moving party satisfies its burden in one of those two ways, "[t]he burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Id*. "The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10)." *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013). "This Court is liberal in finding genuine issues of material fact." *Jimkoski v Shupe*, 282 Mich App 1, 5; 763 NW2d 1 (2008).

### B. PREMISES LIABILITY

Property Management claims that it did not owe a common-law duty to plaintiff because it did not own, possess, or control the home where plaintiff fell and sustained injuries. However, the residential lease that plaintiff entered into with Property Management on May 30, 2018 clearly states that Property Management was the "landlord" with respect to the property at issue and plaintiff was the "tenant."[1] And throughout the leasing documents, Property Management repeatedly referred to itself as the "landlord" to whom plaintiff was to pay rent. Property Management also reserved the right, as landlord, to "enter the premises in an emergency or to perform repairs, maintenance, code inspections, appraisals, insurance inspections, other purposes reasonably related to the operation of the building, and to show the premises for sale or lease." An unambiguous contract must be enforced according to its plain terms. *McCoig Materials, LLC v*

---

[1] This remains true notwithstanding the fact that the lease expressed, without explanation, that Property Management's "landlord" status was "in its capacity as Agent."

-4-

*Galui Constr, Inc*, 295 Mich App 684, 694; 818 NW2d 410 (2012). Therefore, Property Management was plaintiff's landlord under the lease.

Michigan law has long recognized that a special relationship exists between a landlord and its tenant, giving rise to a duty of care. See *Bailey v Schaaf*, 494 Mich 595, 604; 835 NW2d 413 (2013); *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495, 499-500; 418 NW2d 381 (1988). In this case, plaintiff claimed that Property Management leased her a home that had a dangerous and defectively constructed front porch entryway. The configuration of the front porch—a permanent structure of the home—was a matter within the control of Property Management as the landlord, not plaintiff as the tenant. In other words, plaintiff asserted, it was the responsibility and duty of Property Management, as the landlord, to lease to plaintiff a home that had a reasonably safe front porch entryway to allow for the safe ingress to and egress from the home. Accordingly, we agree with the trial court that Property Management was plaintiff's landlord under the lease and, as such, owed a legal duty of care to plaintiff with respect to the leased premises.

However, we agree with Property Management that the danger posed by the front porch entryway was open and obvious as a matter of law and plaintiff failed to present sufficient evidence to establish a genuine issue of material fact existed as to whether there were special aspects that made it unreasonably dangerous. Therefore, plaintiff's premises-liability claim should have been summarily dismissed by the trial court.

"[A] tenant is an invitee of the landlord." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). As an invitor, the landlord owes a duty to a tenant to exercise reasonable care to protect the tenant "from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). But that duty does not include removing open and obvious dangers unless there are special aspects of the condition that make it unreasonably dangerous. *Id*. at 517. In other words, an unreasonable risk of harm does not exist if the invitee knows of the condition or it is so obvious that the invitee might reasonably be expected to discover the condition. *Richardson v Rockwood Ctr*, 275 Mich App 244, 247; 737 NW2d 801 (2007); see also *Riddle v McLouth Steel Prod Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992). An invitee "should have discovered the condition" if "an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012). And there are two recognized "special aspects" of an open and obvious hazard that can give rise to liability: "when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable*." *Id*. at 463.

In this case, plaintiff claimed that the front porch was too small considering that the door to the house was hinged on the left side and opened outward, requiring a person to stand on the right edge of the porch to open the door and there was no railing on the right side. However, plaintiff testified in her deposition that she had lived at the home for about five months before she fell and had noticed that the size of the porch should have been bigger and there should have been a railing on the right side of the porch—although she never notified Property Management about these issues. Therefore, the porch's small size and lack of a railing on the right side of the front porch did not pose unreasonable risks of harm because plaintiff knew of these conditions before she fell.

Further, plaintiff presented insufficient evidence to support her claim that there were special aspects about the condition that warrant imposing a duty on Property Management despite the open and obvious nature of the allegedly dangerous condition. One special aspect of an open and obvious condition that may give rise to liability is when the danger is unreasonably dangerous but plaintiff has presented no evidence that the condition of the front porch was unreasonably dangerous. See *Hoffner*, 492 Mich at 463. A condition will be considered unreasonably dangerous when there is a "uniquely high likelihood of harm." *Lugo*, 464 Mich at 519. However, plaintiff testified that she had used the porch on a daily basis for about five months without any problem before she fell. Other than the photograph of the front porch entryway, plaintiff presented no evidence in support of her claim that the front porch was *unreasonably dangerous* and the photograph is insufficient to support her claim.

Another special aspect of an open and obvious condition that may give rise to liability is when the danger is effectively unavoidable. *Hoffner*, 492 Mich at 463. A danger is considered effectively unavoidable when, for all practical purposes, the person is required or compelled to confront the condition, i.e., they have no choice. *Id.* at 469. However, plaintiff testified that the home had a side door, and she cites no evidence indicating that she could not have used the side door to enter the home on the date she fell. Given that plaintiff has not demonstrated—or even argued—that she could not have used the side door instead of facing the alleged dangers posed by the front porch entryway, plaintiff's claim that the danger was effectively unavoidable fails.

In summary, Property Management was entitled to summary disposition of plaintiff's premises-liability claim because the alleged danger posed by the front porch entrance to the home plaintiff was leasing from Property Management was open and obvious. Therefore, we reverse the trial court's order denying Property Management's motion for summary disposition of plaintiff's premise-liability claim, and remand for entry of an order granting summary disposition in favor on Property Management on Count II of plaintiff's First Amended Complaint.

C. LESSOR'S DUTY UNDER MCL 554.139

Property Management claims that it was not plaintiff's lessor or landlord, and thus, owed no duties to her under MCL 554.139 to ensure that the premises, including the front porch, were fit for the use intended. However, for the reasons discussed above, this argument fails. Again, the residential lease that plaintiff entered into with Property Management clearly states that Property Management was the "landlord" with respect to the property at issue and plaintiff was the "tenant." As this Court explained in *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616; 971 NW2d 716 (2021):

> In addition to the general common-law duties that a possessor of land owes to invitees, MCL 554.139 imposes further covenants and duties on landlords who lease or license their property to residential tenants.
>
> * * *
>
> The statutory protection of MCL 554.139(1) arises from the existence of a residential lease and consequently becomes a statutorily mandated term of such lease. The statute thus provides a specific protection to lessees and licensees of residential property *in addition* to any protection provided by the common law. The

open and obvious danger doctrine is not available to preclude liability for a violation of MCL 554.139(1). [*Id.* at 636 (quotation marks and citations omitted).]

In this case, the only parties to the lease agreement were plaintiff and Property Management; therefore, Property Management owed plaintiff duties under MCL 554.139.[2]

Property Management next argues that, even if it owed plaintiff duties under MCL 554.139, no such duties were breached because the front porch was fit for its intended use. MCL 554.139 states, in relevant part:

(1) In every lease or license of residential premises, the lessor or licensor covenants:

(a) That the premises and all common areas are fit for the use intended by the parties.

* * *

(3) The provisions of this section shall be liberally construed . . . .

Property Management argues that the front porch of the home was fit for its intended use because, even if it was not ideal, the porch was not broken or crumbling and was sufficient. But the issue is not as simple as Property Management contends. The issue raised by plaintiff is not that the porch itself was in disrepair; rather, the issue raised is that the front porch entrance to the home was not reasonably safe because of the manner in which it was constructed and configured.

The intended use of the front porch entrance to the home was obviously to allow reasonable ingress to and egress from the home. The allegedly dangerous condition presents a multifaceted issue in that it involves a porch that was offset to the left of the main entrance to the house; the porch was small in size—particularly on the right side where one would place one's feet while opening the storm door since the storm door was hinged on the left side so that the door swung open from the right side; there was a second door beyond the storm door that had to be opened to enter the home; there was a step between the porch and the inside of the home so that one had to step up from the porch to enter into the home; there was no railing on the right side of the porch despite the fact that the porch was elevated from the ground by more than three steps; and this entrance was the front or primary entrance to the home. In other words, there are a number of issues that a person has to recognize and confront—all at once—just to enter though the front porch entryway of this home. And these issues become even more arduous when a person is distracted by the common and normal occurrence of carrying items, like bags of groceries, through the front entrance of the home while attempting not to step too far to the right side of the porch when opening the doors so as not to fall from the porch because there is no railing. In fact, plaintiff testified that,

---

[2] Whether Bepro owed plaintiff duties under MCL 554.139, and whether or how Property Management's duties under MCL 554.139 are impacted by any agency relationship it may have with Bepro, are questions that are not before us on appeal.

prior to her fall, an AT & T representative who had approached her front door actually fell off the front porch as she was opening the door because he stepped too far to the right side of the porch.

The legislature has directed that the provisions of this landlord-tenant statute are to be liberally construed. MCL 554.139(3). And in reviewing a trial court's decision on a motion for summary disposition under MCR 2.116(C)(10), we are to construe the evidence in the light most favorable to the nonmoving party, drawing all reasonable inferences in favor of that nonmoving party—which is plaintiff here. See *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012); *Lakeview Commons*, 290 Mich App at 506. Considering the totality of the circumstances in this case, and the aggregate of factors, we agree with the trial court that there could be a reasonable difference of opinion regarding whether the front porch entryway was fit for its intended use as a reasonable means of ingress to and egress from the home. And because the open and obvious doctrine does not apply to a defendant's statutory duty to ensure that the leased premises were fit for their intended use, *Wilson v BRK, Inc*, 328 Mich App 505, 517-518; 938 NW2d 761 (2019), Property Management may be liable even if the dangerous condition of the front porch entrance to the home was known or obvious to plaintiff. Accordingly, the trial court properly denied Property Management's motion for summary disposition with regard to plaintiff's statutory claim under MCL 554.139(1)(a).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Mark T. Boonstra
/s/ Michael J. Riordan